IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANN WAYT | ) CASE NO.: 5:12-CV-03048 |
| | ) |
| Plaintiff | ) JUDGE: LIOI |
| | ) |
| v. | ) **ANSWER OF DEFENDANTS** |
| | ) **DHSC, LLC, D/B/A AFFINITY** |
| DHSC, LLC, | ) **MEDICAL CENTER, JASON** |
| DBA AFFINITY MEDICAL CENTER, ET AL. | ) **MCDONALD AND RHONDA** |
| | ) **SMITH** |
| Defendants | ) |
| | ) **JURY DEMAND ENDORSED** |
| | ) **HEREON** |

The Defendants, DHSC, LLC, d/b/a Affinity Medical Center ("Affinity"), Jason McDonald, and Rhonda Smith, Answer the Plaintiff's First Amended Complaint as follows:

1. The allegations contained in Paragraph 1 of the First Amended Complaint are denied for want of knowledge.

2. It is admitted only that DHSC, LLC does business as Affinity in acute care hospitals in Ohio as alleged in Paragraph 2 of the First Amended Complaint. The remaining allegations contained in Paragraph 2 of the First Amended Complaint are denied.

3. The allegations contained in Paragraphs 3, 4, and 5 of the First Amended Complaint are denied for want of knowledge. It is further denied that Plaintiff has properly identified Jane Doe Defendants.

4. The Defendants deny the allegations contained in Paragraph 6 of the First Amended Complaint.

5. The Defendants deny the allegations in Paragraph 7 of the first Amended Complaint and specifically deny that venue is proper in the Stark County Court of Common Pleas.

## GENERAL ALLEGATIONS

6. The Defendants re-state their responses and defenses to the allegations which are incorporated by reference in Paragraph 8 of the First Amended Complaint.

7. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, 11, and 12 of the First Amended Complaint and therefore deny them.

8. The allegations contained in Paragraphs 13 and 14 of the First Amended Complaint are denied.

## FIRST CAUSE OF ACTION
### (Tortious Interference with Employment Contract)

9. The Defendants re-state their responses and defenses to the allegations which are incorporated by reference in Paragraph 15 of the First Amended Complaint.

10. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

11. The allegations contained in Paragraphs 17 and 18 of the First Amended Complaint are denied.

## SECOND CAUSE OF ACTION
### (Defamation)

12. The Defendants re-state their responses and defenses to the allegations which are incorporated by reference in Paragraph 19 of the First Amended Complaint.

13. The allegations contained in Paragraphs 20, 21, 22, and 23 of the First Amended Complaint are denied.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

14. The Defendants re-state their responses and defenses to the allegations which are incorporated by reference in Paragraph 24 of the First Amended Complaint.

15. The allegations contained in Paragraph 25, 26, 27, and 28 of the First Amended Complaint are denied.

### FOURTH CAUSE OF ACTION
### (Punitive Damages)

16. The Defendants re-state their responses and defenses to the allegations which are incorporated by reference in Paragraph 29 of the First Amended Complaint.

17. The allegations contained in Paragraphs 30 and 31 of the First Amended Complaint are denied.

### AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim against the Defendants upon which relief may be granted.

2. The Plaintiff has failed to name all necessary and/or indispensable parties pursuant to F.R.C.P. 19.

3. Plaintiff was an employee at will. Even though Plaintiff was an at will employee, there was sufficient cause to terminate her employment.

4. Any damages allegedly sustained by the Plaintiff were caused by her own willful conduct and/or failure to mitigate damages.

5. The action filed by the Plaintiff is frivolous and the Defendants are entitled to damages as a result of such frivolous conduct.

6. All actions taken by the Defendants regarding the Plaintiff were done in good faith and for legitimate, non-retaliatory reasons.

7. The Defendants acted in good faith with regard to the Plaintiff's employment and had reasonable grounds for believing that their actions were not in violation of any law.

8. Plaintiff's First Amended Complaint is preempted by Federal law.

9. Plaintiff's First Amended Complaint is barred by the applicable statute of limitations.

10. Plaintiff's First Amended Complaint is barred because of Plaintiff's failure to exhaust the administrative remedies that were available to her under Federal law.

11. The statements regarding Plaintiff, which Plaintiff attributes to any of the Defendants in her First Amended Complaint, are true.

12. Plaintiff's First Amended Complaint is barred by her own misconduct, negligence, and fraud.

13. Plaintiff's First Amended Complaint is barred under the doctrine of unclean hands.

14. There is no justiciable issue before this Court regarding the Plaintiff's claims.

**WHEREFORE,** having fully Answered, Defendant, DHSC, LLC, d/b/a Affinity Medical Center, Jason McDonald, and Rhonda Smith, demand judgment on the Plaintiff's Complaint, costs incurred herein plus any further relief the Court deems just.

/s/ Emily R. Yoder
Frank G. Mazgaj, Esq. (#0037910)
Emily R. Yoder, Esq. (#0084013)
HANNA, CAMPBELL & POWELL LLP
P.O. Box 5521

3737 Embassy Parkway
Akron OH 44334
P: 330.670.7300/F: 330.670.7450
Email: fmazgaj@hcplaw.net
eyoder@hcplaw.net

Attorneys for Defendants,
DHSC, LLC dba Affinity
Medical Center, Jason McDonald, and
Rhonda Smith

## JURY DEMAND

A trial by a jury on all issues is hereby demanded.

/s/ Emily R. Yoder
Emily R. Yoder, Esq. (#0084013)

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2012, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court system.

/s/ Emily R. Yoder
Emily R. Yoder, Esq. (#0084013)

<<HCP #655445-v1>>

5