**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANN WAYT,** | :: | **CASE NO. 5:12CV3048** |
| | :: | |
| **Plaintiff,** | :: | **JUDGE LIOI** |
| | :: | |
| **v.** | :: | |
| | :: | |
| **DHSC, LLC, DBA AFFINITY MEDICAL** | :: | |
| **CENTER, ET AL,** | :: | |
| | :: | |
| **Defendants.** | :: | |

---

### PLAINTIFF'S MOTION TO REMAND

---

Now comes Plaintiff Ann Wayt, by and through the undersigned counsel, and hereby respectfully requests this Honorable Court remand this case to the Stark County, Ohio Court of Common Pleas.

Plaintiff's reasoning and analysis is fully set forth in the within Memorandum in Support.

### MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

This case arises from the Defendants' mistreatment of Plaintiff Ann Wayt, a former employee at Defendant DHSC, LLC's hospital in Massillon. Ms. Wayt had been a nurse at the Massillon hospital since 1987. (Complaint, Stark County Ohio Court of Common Pleas Case No. 2012CV03479, Dec. 4, 2012, para. 9.)

In 2012, Defendants conspired to falsely accuse Ms. Wayt of patient neglect, falsification of medical records, substandard work, failing to comply with health insurance policy, and violations of the Health Insurance Portability and Accountability Act (HIPAA). (Complaint, para. 13.) Ms.

Wayt was discharged from her employment with Defendants on the basis of these false charges. (Id.)

Following her discharge, Ms. Wayt filed suit against the Defendants, alleging that Defendants took these actions in retaliation for her support of unionization efforts. Ms. Wayt chose to base allegations and claims entirely on state law, pleading four causes of action: tortious interference with an employment relationship, defamation, intentional infliction of emotional distress, and a claim for punitive damages. *See* Complaint. She chose not to base her claims on any right to relief under federal law; indeed, she never even mentioned any body of federal law.

Defendants, solely on the basis of federal question jurisdiction under the National Labor Relations Act (NLRA), have removed the case to this Honorable Court. The only possible basis for this court's jurisdiction would be complete preemption. The basis is incorrect. This case should be remanded.

## II.   LAW AND ARGUMENT

Federal question jurisdiction is governed by the "well-pleaded complaint rule," which limits removal to cases where the federal question is presented on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct 2425 (1987), citing *Gully v. First National Bank*, 299 U.S. 109, 112-113, 57 S.Ct., 96 (1936). Federal question jurisdiction will only extend to cases in which the complaint establishes that federal law creates the cause of action or that the plaintiff's claim to relief will depend on a "substantial question of federal law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166 (1988) (internal citations omitted). In effect, the "substantial question of federal law" component requires that a federal law was a "necessary element" of one of the plaintiff's claims. *Id*.

The "well pleaded complaint" rule recognizes that the plaintiff, as the "master of the claim," may avoid federal jurisdiction by relying on state law. Id. (internal citations omitted). In such cases,

only where state law has been completely pre-empted by federal law will the federal court have removal jurisdiction. *Id*. at 393, citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct 1542 (1987).

Areas of law presenting complete preemption are few and far between; they include Section 301 of the Labor Management Relations Act, Section 502(a)(1)(B) of ERISA, and Sections 85 and 86 of the National Bank Act. *See AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004) (internal citations omitted). The National Labor Relations Act, however, is not included in this list. *Id*. **Indeed, this Court recognized the same thing in *Hahn v. Rauch*, 602 F.Supp.2d 895, 909-910, N.D. Ohio, Eastern Division Case No. 5:08CV1204 (2008) (internal citations omitted). In that case, after reviewing the pertinent law, this Court concluded that "[r]emoval of Plaintiff's state law claims cannot be sustained on the basis of NLRA preemption."**

In this case, it is just the same. Ms. Wayt alleges that Defendants' actions were based on her support of unionization. But the fact that such actions are prohibited under the United States Code does not mandate that she pursue an action under federal law. She is permitted, as the master of the claim, to rely on state law claims. And that is just what she has done here.

Ms. Wayt's first cause of action, tortious interference with a business relationship, arises under Ohio state law. *See Beamer v. NETCO, Inc*., 411 F.Supp.2d 882, 887 (S.D. Ohio 2005), citing *A & B-Abell Elevator Co. v. Columbus/Central Ohio Building and Construction Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (Ohio 1995) (noting same). As pled by Ms. Wayt, defamation is a state law matter as well. *See McGee v. Simon & Schuster, Inc*., 154 F.Supp.2d 1308 (S.D. Ohio 2001), citing *A & B-Abell Elevator Co*., *supra*. The same is so with intentional infliction of emotional distress and punitive damages. *See Nuovo v. The Ohio State University*, 726 F.Supp.2d

3

829 (S.D. Ohio 2010), citing *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 6 Ohio St.3d 369, 453 N.E.2d 666 (Ohio 1983) (discussing intentional infliction of emotional distress), and O.R.C. 2315.21 (punitive damages). As Ms. Wayt's claims arise under Ohio law, she is entitled to have her case heard in an Ohio Court.

Finally, Defendants' reliance on *McGlone v. Cintas Corp*. 35 F.3d 566 (6th Cir. 1994), is misplaced. In *McGlone* the court noted that

> Although McGlone only challenges the removal of this action on the ground that her claim is not preempted by federal law, we note that ***had Cintas not listed diversity of citizenship as a basis for removal, it is not clear that the removal of this case would have been proper***. *See Tisdale v. United Ass'n of Journeymen*, 25 F.3d 1308 (6th Cir. 1994) (holding that a case may not be removed to federal court on the basis that a plaintiff's state law claim is preempted by federal law.

*McGlone* at FN 3 (emphasis added). The same was noted in *Boggs v. Appalachian Regional Healthcare*, E.D. Kentucky, Southern Division Case No. 6:07-399, 2998 WL 269057 (2008), as well as by this Court in *Hahn*, 602 F.Supp.2d at 909-910.

And indeed, even if one of Ms. Wayt's claims ***was*** preempted by the NLRA, that fact would not permit removal.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption…" *See Boggs*, *8, *citing Loftis v. United Parcel Serv*., 342. F.3d 509, 515 (6th Cir. 2003). As stated by the Supreme Court, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing." *Caterpillar*, 482 U.S. at 399.

It is clear from the four corners of the Complaint that Ms. Wayt intends to pursue state law

remedies, not remedies available under the NLRA or any other body of federal law. As the master

of the claims, she is entitled to pursue the action in State Court. Defendants cannot alter this by

simply invoking an alternate means of recovering under federal law.

**III.    CONCLUSION**

From the four corners of the complaint, this is a state law action. As there is no

controlling federal question, and as the NLRA does not mandate complete preemption, this

Honorable Court lacks subject matter jurisdiction over the case.

WHEREFORE, for these and any other reasons this Honorable Court deems just, Plaintiff

Ann Wayt hereby respectfully requests that this matter be remanded to the Stark County Court of

Common Pleas.

Respectfully submitted,

**SCHULMAN ZIMMERMAN & ASSOC.**

/s/ Brian Zimmerman
_____
Allen Schulman (0001124)
Brian Zimmerman (0042351)
236 Third Street SW
Canton, Ohio  44702
Ph: 330.456.4400
Fax: 330.456.3641
info@lawyersonyourside.com

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been filed via the Court's Electronic Filing System.
Notice of filing will be performed by the Court's Electronic Filing System.  Parties may access the
document though this Electronic Filing System.

_____    /s/ *Brian L. Zimmerman*_____
Brian L. Zimmerman
Counsel for Ann Wayt

5