UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANN WAYT, | ) | CASE NO. 5:12-cv-3048 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| DHSC, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This case was removed to this Court from the Court of Common Pleas of Stark County, Ohio. Before the Court is plaintiff's motion to remand the case to state court. (Doc. No. 8.) Defendants have filed an opposition. (Doc. No. 13.) Defendants also filed a motion for leave to file *instanter* supplemental authority for their opposition (Doc. No. 14), which plaintiff opposed (Doc. No. 15). Plaintiff has not filed a reply to her motion to remand, nor sought an extension of time to do so, and the period allotted has passed. The matter is ripe for disposition. For the reasons that follow, plaintiff's motion to remand is **GRANTED**.

I. BACKGROUND

The following factual background consists of the relevant allegations made by plaintiff in her amended complaint (Doc. No. 1–2) and should not be interpreted as factual findings of the Court. Plaintiff Ann Wayt ("plaintiff") was a registered nurse and former employee of defendant DHSC, LLC ("DHSC"). (Doc. No. 1–2 at ¶ 1.) DHSC owns and operates general acute care hospitals throughout the United States, including

the Affinity Medical Center ("Affinity"), the facility where plaintiff worked. (Doc. No. 1–2 at ¶¶ 1–2.) Defendants Jason McDonald ("McDonald") and Rhonda Smith ("Smith") were also employed by DHSC at Affinity. (Doc. No. 1–2 at ¶¶ 3–4.)[1]

Plaintiff began working at Affinity in 1987 and, up until the events underlying her complaint, had never been disciplined by her employer, always receiving excellent job performance evaluations. (Doc. No. 1–2 at ¶¶ 9, 11.) Then, in 2012, plaintiff and a number of other Affinity nurses began efforts to unionize the nurses under National Nurses United. (Doc. No. 1–2 at ¶ 12.) In retaliation against her support of unionization, the defendants made numerous "false and scurrilous charges" against plaintiff. (Doc. No. 1–2 at ¶ 13.) Those charges included:

> [P]atient neglect (failing to provide nursing care to a hospital patient throughout plaintiff's entire work shift), falsification of medical records (false entries made in patient charts to "cover-up" the aforementioned patient neglect), sub-standard work, failure to comply with hospital policy, and violations of the Health Insurance Portability and Accountability Act (HIPPA) [sic].

(Doc. No. 1–2 at ¶ 13.) DHSC used the charges (which, if proven, would be "criminal in nature") "as a pretextual basis" to terminate plaintiff's employment. (Doc. No. 1–2 at ¶¶ 13–14.)

As a result of the alleged charges, plaintiff filed suit against defendants in the Stark County Court of Common Pleas on November 6, 2012. (Doc. No. 1–1.) She filed an amended complaint on December 4, 2012, changing the name of defendant

---

[1] Plaintiff has also sued four Jane Doe defendants, who are identified generally as employees of DHSC. (Doc. No. 1–2 at ¶ 5.)

Community Health Systems, Inc. to DHSC. (Doc. No. 1–2.)[2] Plaintiff presents three causes of action in her amended complaint: (1) tortious interference with employment contract; (2) defamation; and (3) intentional infliction of emotional distress; and styles her pursuit of punitive damages as a fourth.

On December 13, 2012, defendants removed the case to this Court. (Doc. No. 1.) Plaintiff responded with the subject motion. (Doc. No. 8.)

## II. LAW AND ANALYSIS

**A. Standard of Review of a Motion for Remand**

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). In addition, the defendant seeking removal bears the burden of proving the court's jurisdiction, *see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000), and "[a]ll doubts as

---

[2] Paragraph 13 of the amended complaint recites that "Defendant Community Health Systems, Inc., and a number of individuals who were employed by Defendant" made the charges against plaintiff. This is apparently a reference to DHSC that was not changed in the process of amending the complaint.

3

to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). However, defendant need only include in the notice of removal "a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).

**B. Federal Question Jurisdiction**

Neither side asserts that there is complete diversity between the parties in this case. Accordingly, this Court has jurisdiction over this case, if at all, based upon the presence of a federal question. The "well-pleaded complaint" rule governs the presence or absence of federal question jurisdiction. *Caterpillar*, 482 U.S. at 392. Federal question jurisdiction "extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well pleaded . . . claims.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983)).

"[S]tate courts are generally presumed competent to interpret and apply federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Zwickler v. Koota*, 389 U.S. 241, 245 (1967)). The plaintiff is the master of her claim and may avoid federal jurisdiction by relying exclusively on state law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (citing *Caterpillar*, 482 U.S. at 392). In particular, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in plaintiff's

4

complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

An exception to the well-pleaded complaint rule exists that allows a state law claim to be removed to federal court "when a federal statute wholly displaces the state-law cause of action through *complete* pre-emption." *Beneficial*, 539 U.S. at 8 (emphasis added). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* The Sixth Circuit has noted, however, that "'complete preemption'—no matter how powerful when properly present in a case—is of very limited application: it is a very limited exception to the well-pleaded complaint rule." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005).

Defendants' notice of removal indicates that "[a]ll of the causes of action alleged in the [amended] complaint manifest Plaintiff's allegation that she was terminated due to her open support for unionization by National Nurses United." (Doc. No. 1 at ¶ 7.) Consequently, defendants' stated reason for removal is that the National Labor Relations Act ("NLRA") deprives state courts of jurisdiction over plaintiff's complaint. (Doc. No. 1 at ¶ 7.) In their opposition to plaintiff's motion, however, defendants do not discuss the NLRA, contending instead that § 301 of the Labor Management Relations Act ("LMRA") completely pre-empts plaintiff's complaint.

### 1. NLRA Pre-emption

Defendants assert in their notice of removal that this Court has federal question jurisdiction over plaintiff's complaint because the NLRA protects plaintiff's

5

alleged conduct and prohibits defendants' alleged conduct. (Doc. No. 1 at ¶ 7.) This appears to be an argument that the NLRA completely pre-empts plaintiff's claims.

While in the end it may turn out that the National Labor Relations Board ("NLRB") should determine this dispute, case law is clear that "the NLRA gives rise only to 'normal' [i.e., ordinary or conflict] preemption, rather than 'complete' preemption . . . ." *Boggs v. Appalachian Reg'l Heathcare, Inc.*, Civil Action No. 6:07-399, 2008 WL 269057, at *4 (E.D. Ky. Jan. 30, 2008) (citing *Alongi v. Ford Motor Co.*, 386 F.3d 716, 719–22 (6th Cir. 2004)). "This type of pre-emption requires a court to yield primary jurisdiction over a given state-law claim to the NLRB, regardless of whether the claim was originally brought in federal or state court. However, it does *not* provide a basis for removal to federal court." *Alongi*, 386 F.3d at 723. *See also Caterpillar*, 482 U.S. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under the NLRA does *not* establish that they are removable to federal court.")

The unpublished Sixth Circuit decision of *McGlone v. Cintas Corp.*, No. 93-6062, 35 F.3d 566 (table) (6th Cir. Sept. 8, 1994), does not aid defendants. There, the plaintiff sued her former employer in state court, alleging violations of state statutes. *Id.* at *1. The defendant removed to federal court, citing diversity jurisdiction and original jurisdiction pursuant to the NLRA. *Id.* The Sixth Circuit noted that removal was proper on the basis of diversity jurisdiction and eventually dismissed the case on grounds of conflict pre-emption. *Id.* at *4. Contrary to defendants' insinuation in their notice, the court in *McGlone* did not evaluate whether the NLRA was also sufficient grounds for removal, except to state, doubtfully, that "had [defendant] not listed diversity of

6

citizenship as a basis for removal, it is not clear that the removal of this case would have been proper." *Id.* at *1 n.3.

Because there is no complete pre-emption under the NLRA, and because the defense of conflict pre-emption is not a basis for removal to federal court, defendants' notice of removal fails to contain a viable "short and plain statement of the grounds for removal[.]"

### 2. LMRA Pre-emption

In their response in opposition to plaintiff's motion to remand, defendants abandon their NLRA rationale, asserting for the first time that plaintiff's complaint is completely preempted by § 301 of the LMRA.[3]

"A defendant cannot argue a new substantive ground as a basis for removal in opposing remand." *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) (defendants that claimed complete pre-emption under only LMRA § 301 and ERISA in their notice of removal could not argue for complete pre-emption under the NLRA in opposing remand). *See also Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 536 (E.D. Mich. 2004) (defendant that claimed complete pre-emption under ERISA in its

---

[3] Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Neither defendants' notice of remand nor plaintiff's complaint mentions a labor organization in the process of representing employees or any agreement that could even arguably fall within the ambit of § 301. Both are first mentioned in defendants' opposition. There is thus no factual foundation in the original notice of removal for a claim of complete pre-emption under § 301.

notice of removal could not argue for removal on grounds of diversity jurisdiction in opposing remand). This is exactly what defendants in the case at bar have attempted to do, as § 301 of the LMRA is an entirely different jurisdictional ground than §§ 7 and 8 of the NLRA. *Alongi*, 386 F.3d at 723; *Hahn*, 602 F. Supp. 2d at 909–10.[4]

Accordingly, the Court finds that defendants are barred from asserting § 301 as grounds for removal in their opposition.[5]

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand the case to the Court of Common Pleas of Stark County, Ohio is **GRANTED**.

**IT IS SO ORDERED**.

Dated: July 9, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Moreover, although they have not requested to do so, the Court notes that defendants can no longer amend their notice of removal to assert complete pre-emption under § 301. 28 U.S.C. § 1446(b) provides that a notice of removal must be filed within 30 days of service upon a defendant. If there are multiple defendants, that period begins upon service of the final defendant. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). During that 30-day period, the notice of removal may be amended freely; afterward, however, "the notice may be amended only to set out more specifically the grounds for removal that already have been stated in the original notice." *Hahn*, 602 F. Supp. 2d at 909 n.6. *See also Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) (holding that remand is not required where there are technical defects in the notice of removal that a defendant can cure, even if the defect is cured outside of the 30-day period).

Here, the final defendant to be served, Rhonda Smith, was served on December 8, 2012, (Doc. No. 1 ¶ 2), over thirty days from the time defendants filed their opposition to plaintiff's motion to remand. Thus, at this stage, defendants could only cure technical defects in grounds that were originally stated in their notice, not argue a new substantive ground.

[5] The Court expresses no opinion on the merits of defendants' § 301 theory. Because the supplemental authority defendants seek to file (Doc. No. 14) addresses solely the merits issue, that authority would not be helpful to the Court. Therefore, defendants' motion for leave to file instanter supplemental authority is **DENIED**.